George A. Jacquemot and Beatric Jacquemot v. Commissioner.
Jacquemot v. Commissioner
Docket No. 53582.
United States Tax Court
T.C. Memo 1956-198; 1956 Tax Ct. Memo LEXIS 96; 15 T.C.M. (CCH) 1045; T.C.M. (RIA) 56198; August 28, 1956
*96 George A. Jacquemot, E. Hardenburgh Avenue, Demarest, N.J., pro se. William F. Fallon, Esq., for the respondent. RAUM
Memorandum Findings of Fact and Opinion RAUM, Judge: The Commissioner determined deficiencies in income tax in the amounts of $1,068.27 and $351.31 for the years 1946 and 1947, respectively. An adjustment for a small item of salary income for 1946 is no longer in issue. The sole remaining question is whether the Commissioner properly reduced deductions claimed on the returns for both years for meals and entertainment. The controversy relates to deductions with respect to the activities of petitioner George A. Jacquemot as a salesman in connection with the wholesale distribution of securities. He will be hereinafter referred to as the petitioner. Petitioner received gross commissions of $49,140.80 and $24,326.65 in 1946 and 1947, respectively, and claimed deductions for business expenses in the aggregate amounts of $13,147.59 and $10,005.49 for 1946 and 1947, respectively. Included in the business expenses for 1946 were "meals", $900.50, and "entertainment", $5,296.20; and for 1947, "meals," $563, and "entertainment," $3,441.47. These were the *97 only expenses challenged by the Commissioner. As to 1946 he disallowed the deduction claimed for "meals and entertainment" to the extent of $1,600, and for 1947 he reduced the deduction for those two items by $860. Petitioner appeared at the trial and testified in his own behalf. He was a candid and forthright witness. He had kept diaries during each of the years involved, and made entries within a few days after the various expenses in question were incurred. He travelled often on business and had frequent occasion to entertain. The item of "meals" represents his meals while travelling, and "entertainment" the cost of entertaining persons in connection with the carrying on of his business as a salesman. We think that, on the whole, he has shown that the Commissioner was not justified in reducing the deductions by the amounts set forth in the notice of deficiency. However, it does appear from the testimony that some of the amounts claimed must be disallowed in part. For example, included in "meals" were some meals taken while petitioner was within the metropolitan area of his office and not in travel status. Also, petitioner had made an upward revision in his diaries of amounts previously *98 recorded therein for meals. We think the contemporaneous entries made by him with respect to these items more accurately reflected actual cost than the revisions which he made at a considerable time thereafter. Again, allocations must be made for certain Stock Exchange Luncheon Club expenses and Country Club expenses so as to eliminate that portion of the charges which were personal in nature. The matter calls for an exercise of practical judgment on all the facts, and it is our best judgment based on the entire record that the deductions taken on the returns for meals and entertainment must be reduced by $510 for 1946 and $480 for 1947. Decision will be entered under Rule 50.